[Crim. No. 23816. Second Dist., Div. Four. Feb. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT NELSON ANDRE, Defendant and Appellant.

[Crim. No. 24070. Second Dist., Div. Four. Feb. 25, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE LAWRENCE HOUSTON, Defendant and Appellant.

**COUNSEL**

Ruth Ohanessian and G. Tom Thompson, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore and William E. James, Assistant Attorneys General, Edward T. Fogel, Jr., Anthony D. Blankley and Russell Iungerich, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—These two cases involve related problems concerning the procedures proper in cases of revocation of probation in the light of *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], as construed in *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]. We have consolidated them for the purpose of this opinion.

In each case, defendant had been duly convicted of a criminal offense[1] and had been placed on probation.[2] On allegations of violation of his

---

[1] In No. 23816 (Andre) the felony was a violation of section 11910 of the Health and Safety Code; in No. 24070 (Houston), the crime was a violation of section 245 of the Penal Code.

[2] In No. 23816 (Andre) criminal proceedings were suspended and probation was granted for three years on condition (inter alia) that he serve six months in the county jail. In No. 24070 (Houston) a county jail sentence was imposed; that sentence was suspended and defendant was placed on three years' probation:

probation, each defendant's probation was revoked, and sentences of imprisonment[3] were imposed. Each defendant has appealed.[4]

█ The principle underlying the *Morrissey-Vickers* rules is that the limited and conditional personal liberty afforded to a parolee or to a probationer may not constitutionally be terminated or restricted arbitrarily and without probable cause. To implement that principle, the cases require that (except in the case of an absconding defendant) his parole or probation should not be revoked until after a two-stage hearing: (a) a preliminary and summary hearing, before some impartial hearing officer, at or near the place of the defendant's physical arrest and within a brief period after that event;[5] followed by (b) a more formal hearing, on written notice, with right to counsel, and with opportunity both to summon witnesses and to cross-examine witnesses against him.[6] Defendant must have the right to

---

[3]In No. 23816 (Andre) the sentence was to state prison, concurrently with other sentences. In No. 24070 (Houston), the county jail sentence earlier imposed and suspended was ordered into effect.

[4]The order revoking probation in No. 24070 (Houston) is appealable as an order made after judgment (*People* v. *Vickers* (1972) 8 Cal.3d 451, 453, fn. 2 [105 Cal. Rptr. 305, 503 P.2d 1313]); in No. 23816 (Andre) the appeal is properly from the ultimate judgment but raises only issues relating to the revocation proceedings.

[5]"The court likened the initial proceedings to a preliminary hearing for the determination of 'probable cause or reasonable ground' to believe that a parole violation has occurred, and stated that 'due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available.' (*Id.* at p. 485 [33 L.Ed.2d at p. 496].) The determination need not be made by a judicial officer, but could be made by some qualified person such as a parole officer who was not directly involved in the case. The initial hearing need not be formal, but the parolee must be given notice of the time, place and purpose thereof, and of the alleged parole violations. At the hearing the parolee is entitled to appear and speak personally in his own behalf, and bring and present letters, documents and other persons who can give relevant information to the hearing officer. Adverse witnesses are to be made available for questioning by the parolee except when the hearing officer determines that an informant would be subject to risk of harm if his identity were disclosed. The hearing officer must make a summary or digest of the proceedings and must determine if there exists probable cause to hold the parolee for revocation proceedings against him. The court stated that as in *Goldberg* v. *Kelly* (1970) 397 U.S. 254, 271 [25 L.Ed.2d 287, 301, 90 S.Ct. 1011], 'the decision maker should state the reasons for his determination and indicate the evidence he relied on although 'formal findings of fact and conclusions of law' are not required. A holding of the existence of probable cause, however, would warrant detaining the parolee and returning him to his place of detention pending further proceedings." (*People* v. *Vickers, supra,* 8 Cal.3d at pp. 456-457.)

[6]"The minimum requirements of due process at the revocation hearing were stated in *Morrissey* to be: '(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or

counsel at both stages except in case of absconding.[7]

In further implementation of those requirements, the California cases have set down the rule that, where a probationer or parolee has been arrested and charged with a new offense, the preliminary hearing on the new charge will ordinarily satisfy the *Morrissey-Vickers* requirement of the first-stage hearing and the trial and conviction on the new charge will simplify and sometimes satisfy the second-stage requirement.[8]

However, both *Morrissey* and *Vickers* make it clear that the first stage (summary) proceeding need not comply with the full panoply of procedure involved in a criminal case. Nor do the California cases require, even where a new offense is involved, that the parole or revocation proceedings must be combined with the proceedings in a new prosecution. Prosecuting officers and courts must be permitted a reasonable pragmatism in dealing with such cases. In one case, the new charge may carry with it the potential of a heavier or longer punishment than would result from revocation only; in another case, experience may show that prosecution of the new charge, accompanied by revocation, would be likely to result only in concurrent sentences not substantially increasing either the severity or the length of actual punishment. *Morrissey-Vickers* require only that the proper hearings be held under some appropriate pleadings.

Furthermore, the standards of proof differ in the two methods. Proba-

---

lawyers; and (f) a written statement of the fact finders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.' (*Id.* at p. 489 [33 L.Ed.2d at p. 499].)" (*People* v. *Vickers, supra,* 8 Cal.3d at pp. 457-458.)

[7]". . . Although we do not reach the issue whether representation by counsel is constitutionally compelled at probation revocation proceedings of the type involved in the instant case, we are of the view, for the reasons which follow, that the efficient administration of justice requires that the defendant be assisted by retained or appointed counsel at all revocation proceedings other than at summary proceedings had while the probationer remains at liberty after absconding." (*People* v. *Vickers, supra,* 8 Cal.3d at p. 461.)

[8]Since a standard condition in California both for parole and for probation is that the defendant obey all laws, it follows that the finding of reasonable cause at a felony preliminary hearing necessarily finds the probable existence of grounds for revocation and that conviction on the new charge necessarily and conclusively determines the existence of such grounds.

The function of a trial court, of course, differs in cases of probation from that in cases of parole, since revocation is a judicial function in the former situation while it is administrative in the other. It follows that the effect of a felony preliminary hearing in parole cases goes no further than to support a non-bail incarceration on the parole "hold," and that the ultimate conviction merely reduces to a formality the scope of the final violation hearing before the Adult Authority.

tion and parole are granted in the hope and expectation that the conditional release, under supervision, will better serve to rehabilitate a defendant than would supervised incarceration. The court, or the paroling authority, need not wait until the defendant proves, by new acts of criminality, that the hope and expectation were unfounded. Acts short of criminality, or evidence which leaves a criminal violation still uncertain, may well, in the judgment of the court or authority, indicate that the hoped-for rehabilitation is on the road to complete failure and that a more restrictive process is required both to protect society and to assist the defendant toward ultimate rehabilitation. (Cf. *People* v. *Hayko* (1970) 7 Cal.App.3d 604 [86 Cal.Rptr. 726].)

With those concepts in mind, we turn to examine the events in the two cases before us at this time.

### ANDRE

On August 7, 1970, after a plea of guilty to a violation of section 11910 of the Health and Safety Code, Andre was granted probation for three years. On May 11, 1973, Andre was brought before the trial court by his probation officer and the following brief proceedings followed:

"MR. O'ROURKE: I am Deputy Probation Officer O'Rourke. I have been supervising Mr. Andre. He was released from the county jail on the 3rd day of May. On the 6th of May, he was re-arrested.

"I haven't had a chance to go over the police reports to any extent, but it apparently involved the use of drugs and the death or overdose of a companion.

"On the basis of this, I would request that the Court revoke or find him in violation of his probation in that I feel that he is a danger to himself and a danger to the community and ask that he be remanded to the custody of the sheriff and a new hearing, further hearing set for May the 31st.

"THE COURT: Very well.

"Based upon the report, oral report of the probation officer, the defendant is preliminarily found to be in violation of probation.

"Probation is revoked.

"Mr. Andre, do you have a lawyer?

"THE DEFENDANT: No, sir.

"THE COURT: Do you have the money or property to hire your own lawyer?

"THE DEFENDANT: No, sir.

"THE COURT: The public defender is appointed. . . .

". . . . . . . . . . . . .

"I think rather than formally arraigning the defendant at this time, if that is all right with you, Mr. MacMillan, we will continue it for two weeks, get a supplemental report and then have a hearing on it at your convenience.

"MR. MACMILLAN: I would appreciate it if the Court would do that. I think there may possibly be a formal hearing in regard to that since the procedure is being used of bringing him straight to the Superior Court.

"THE COURT: Very well.

"This matter will be continued for hearing on violation of probation to May 18—strike that. May 25, 9:00 a.m. in this department.

"A supplemental probation report is ordered for that time.

"Defendant is remanded without bail."

On May 25, 1973, Andre appeared with appointed counsel, and admitted the violation charged against him. His probation was formally revoked and a prison sentence was imposed.

 Clearly, the "hearing" on May 11, 1973, failed completely to satisfy the *Morrissey-Vickers* requirements for a first-stage hearing on the alleged violation. Andre had no lawyer; he received only an oral indication of the supposed violation, stated in the most vague terms; he was given no chance to deny or explain. However, on May 25, 1973, he did receive an adequate second-stage hearing, with counsel, was aware of the charge[9] and made a complete admission. Whatever rights Andre may have had if he had attacked his incarceration during the 14-day interval, no court can now repair the deficiency then involved.[10] We see no reason, at this stage and on this appeal, to reverse the prison sentence ultimately imposed.[11]

---

[9]The record is silent as to whether Andre or his counsel had seen the supplemental probation report ordered on May 11th. An oral statement of the charge was made to Andre in open court and he admitted its truth. He cannot, on this appeal, object to the lack of a written charge if, in fact, there was such a lack.

[10]Since the record indicates that Andre was under arrest for the events sketchily suggested by the probation officer, we do not reach the question of the no-bail incarceration under Los Angeles court's order after an inadequate first-stage hearing.

[11]In this court, Andre's appointed counsel argues that Andre's admission of the charged violation was part of a "plea bargain" which involved a continuance on probation or at least a referral under section 1203.5 of the Penal Code. The record does not support the contention that Andre had received anything more than a hope,

## HOUSTON

On May 15, 1970, Houston was found guilty of assault in violation of section 245 of the Penal Code. On June 12, 1970, he was sentenced to one year in the county jail; execution was suspended and he was granted probation for three years.

The record before us shows only that, on May 25, 1973, Houston's probation officer had filed with the court a report alleging violations of Houston's conditions of probation and recommending a revocation. Endorsed on that document is the notation "Defendant Notified by County Clerk to Appear" (apparently on May 29, 1973). On the latter date Houston did appear and the following proceedings occurred on that date and on the following day:

"THE COURT: Willie Lawrence Houston.

"THE DEFENDANT: Here, Your Honor.

"THE COURT: Is that your true name?

"THE DEFENDANT: Yes.

"THE COURT: Do you have an attorney?

"THE DEFENDANT: No, Your Honor.

"THE COURT: Do you have the funds to employ an attorney?

"THE DEFENDANT: No.

"THE COURT: Public defender is appointed.

"In this matter the defendant was previously placed on probation on certain terms and conditions.

"He hasn't paid the restitution, he hasn't paid the fine and he's suffered subsequent convictions.

"At this time probation is revoked. The defendant will be remanded to custody.

"If you desire to proceed at this time I will do so. If you want to put it over for further investigation or a hearing—

"MR. WACO: Well, at least till second call.

"THE COURT: All right, the defendant is remanded to custody.

---

expressed by his counsel, that the probation officer's recommendation for a 1203.5 referral would be accepted by the trial court; that does not rise to the status of a "bargain" justifying a withdrawal of the admission.

"(The matter was trailed until the following day, Wednesday, May 30, 1973, at 9:00 a.m.)"

"THE COURT: Willie Lawrence Houston.

"THE DEFENDANT: Yes, sir.

"THE COURT: This is a matter in which the defendant was previously placed on probation. He's been found in violation of the terms and conditions of that probation.

"Are you ready to proceed at this time, Mr. Waco?

"MR. WACO: Yes, Your Honor.

"I would indicate to the Court again that the probation officer did tell the defendant he would get more time to pay the fine. That's one of the reasons he was perhaps a little lax in paying the remaining balance.

"THE COURT: In this matter probation will remain revoked. The sentence of one year in the Los Angeles County Jail heretofore imposed but ordered suspended by Judge Powell is now ordered into full force and effect. He's entitled to 22 days credit.

"(Proceedings concluded.)"

■ Patently, except for the appointment of counsel, neither the first-stage nor the second-stage requirements of *Morrissey-Vickers* were observed.[12]

Unlike the situation in *Andre,* there was no statement in court of the violation or violations charged, other than the vague reference to nonpayment of a "fine." There was no admission of violation; rather an abortive attempt by counsel to explain that matter—an attempt summarily rejected by the trial court. The action taken was a nullity. Since Houston's probationary period expired on August 7, 1973, no new revocation hearing is permissible. Our reversal requires his immediate release from all restraint.

In case number Crim. 23816, the judgment is affirmed; in case number Crim. 24070, the order revoking probation and the order imposing a jail

---

[12]The probation report filed by the probation officer on May 25, 1973, is enclosed in a separate envelope, marked "confidential records," inserted loosely in the superior court file. There is nothing in the record to indicate that that report ever was seen even by the court-appointed counsel, much less by defendant Houston. It is not without significance that, when defendant sought to have it included in the record on this appeal, the request was peremptorily denied by the trial judge. It required an order of this court to bring the superior court file and that report before us.

sentence are reversed; the case is remanded with directions to terminate all proceedings against defendant Houston and to release him immediately.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied March 12, 1974, and the petition of appellant Andre for a hearing by the Supreme Court was denied April 24, 1974.