[Crim. No. 26027. Second Dist., Div. One. Aug. 29, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
BURTON ROGERS AMSBARY, Defendant and Appellant.

**COUNSEL**

Henry P. Crabtree, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and Randy S. Morrison-Bruck, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—In this appeal from an order of the trial court revoking probation, appellant contends that the court lacked jurisdiction to enter the order because his period of probation had expired before the hearing to revoke it.[1] Respondent, prosecution, admits that appellant's

---

[1]Appellant contends also that (1) the evidence is insufficient to sustain the trial court's order; (2) he was prejudiced by a 19-month delay in the process; and (3) the trial court

period of probation had expired before the hearing on revocation of probation but contends the running of the probationary period was "tolled" because of earlier proceedings conducted in violation of the procedural guarantees set out in *Morrissey* v. *Brewer,* 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and *People* v. *Vickers,* 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]. Respondent contends, also, that appellant is estopped to argue lack of jurisdiction by reason of the termination of the period of probation because of his delay in petitioning for habeas corpus to call attention to the *Morrissey-Brewer* violation. Concluding that respondent's first contention is foreclosed by *People* v. *Andre,* 37 Cal.App.3d 516 [112 Cal.Rptr. 438], and that the record does not support respondent's argument of estoppel, we reverse the order revoking probation.

On June 16, 1969, appellant entered a plea of guilty of possession of marijuana for sale. On July 7, 1969, he was sentenced to state prison for the term prescribed by law. Execution of the sentence was suspended and appellant was placed upon probation for a period of three years conditioned upon his serving six months in the county jail, his abstinence from narcotics, and his obedience of all laws. On May 13, 1971, appellant was found in violation of probation. Probation was extended for one year and appellant reinstated to it on the original terms plus the added condition that he cooperate in psychiatric treatment. On October 4, 1971, appellant was found in violation of the terms of probation but probation was reinstated upon the original terms and conditions. On August 16, 1972, the criminal proceedings were suspended and appellant was committed to Metropolitan State Hospital pursuant to Penal Code section 1368 as unable to comprehend the nature of the proceedings against him or to cooperate in his defense. On January 12, 1973, Metropolitan State Hospital reported that appellant had regained his sanity. On February 16, 1973, the trial court, without complying with the *Morrissey-Vickers* rule, revoked appellant's probation and continued the matter for sentencing. On May 23, 1973, again not complying with the requirements of *Morrissey-Vickers,* the court ordered "probation denied" and sentenced appellant to state prison.

On July 7, 1973, the period of appellant's probation as extended terminated. On February 4, 1974, appellant filed a petition for habeas corpus with the San Luis Obispo Superior Court, the tribunal with

did not give him credit for all prerevocation time served to which he was entitled. We do not reach those contentions.

territorial jurisdiction, claiming the violations of his *Morrissey-Vickers* rights. On March 29, 1974, the San Luis Obispo court transferred the matter to the Los Angeles Superior Court where the hearings had been held. On May 14, 1974, the Los Angeles Superior Court granted appellant's petition for habeas corpus finding that the procedure leading to the determination of violation of probation and sentencing appellant to state prison had not complied with the requirements of *Morrissey-Vickers*. It set further proceedings on probation and sentence for June 3, 1974, and remanded appellant without bail. After a continuance until June 28, 1974, on appellant's motion, further continuances until July 10 on the court's motion plus another to July 16, 1974, on the motion of the appellant, the court referred appellant for a diagnostic study pursuant to Penal Code section 1203.03 and, over appellant's objection that the period of his probation had expired on July 7, 1973, revoked probation. On July 30, 1974, the court entered its order "denying probation" and sentencing appellant to state prison for the term prescribed by law with credit for 432 days served. This appeal followed.

■ In sum, proceedings which violated the *Morrissey-Vickers* requirements were taken in which appellant's probation was revoked during the period of appellant's probation. The trial court's action granting appellant's petition for habeas corpus establishes those proceedings as conclusively invalid by res judicata, no appeal having been taken by the prosecution from the adverse ruling as permitted by Penal Code section 1506. After the period of appellant's probation as extended had terminated,[2] the trial court instituted proceedings to revoke probation. In a parallel situation, the Court of Appeal in *People* v. *Andre, supra,* 37 Cal.App.3d 516, declared that the period of probation having expired by its terms the trial court lacked the power to revoke the probation previously imposed. In *Andre,* the Court of Appeal, after determining that the defendant's probation had been declared violated in contravention of the *Morrissey-Vickers* standard, said: "Since [defendant's] probation period expired on August 7, 1973 [prior to the court's opinion], no new revocation hearing is permissible. Our reversal requires his immediate release from all restraint." (*People* v. *Andre, supra,* 37 Cal.App.3d 516, 524.) In the case at bench when the trial court granted the petition for writ of habeas corpus, it held that appellant was illegally confined. By the rule of *Andre,* no new revocation hearing was permissible since the

---

[2]If we assume that appellant's confinement for approximately five months for lack of present sanity extended the period of probation without court action, the proceeding to revoke probation nevertheless occurred after the further extended period.

period of probation had expired. The hearing having commenced after the date probation expired, appellant must be released.

Respondent seeks to avoid the impact of the rule of *Andre* by arguing that: (1) the period of probation was "tolled" during the period appellant was illegally confined; and (2) appellant's delay in petitioning for habeas corpus estops him from denying the jurisdiction of the trial court as if he had moved to continue a probation violation proceeding commenced within the period of probation. (See *People* v. *Ham,* 44 Cal.App.3d 288 [118 Cal.Rptr. 591].) The same situation which respondent here claims "tolled" the period, i.e., extended it, was present in *Andre.* No "tolling" or extension was there found to give the court power it did not otherwise have. *Andre* thus requires rejection of respondent's argument that the period of probation was extended by the period of illegal confinement. Similarly, the record fails to show any action or inaction of appellant which estops him from asserting the lack of power of the trial court to act. Since a petition for habeas corpus must be rejected where there is an unreasonable unexplained delay in filing it (Witkin, Cal. Criminal Procedure, Habeas Corpus, § 814), the trial court's ruling granting appellant's habeas petition includes the implied finding that appellant did not delay unreasonably and without good reason in instituting the proceedings. Appellant's probation was revoked and he was sentenced to state prison in violation of the *Morrissey-Vickers* rule approximately 45 days prior to the date his probation expired. The court did not act on appellant's petition for habeas corpus petition until approximately 99 days after it was filed. Respondent made no showing that the court's action would have been speedier if appellant had filed his petition immediately upon the order illegally revoking probation. Hence the record fails to establish the prejudice to the prosecution's position that is required for estoppel.

The judgment (order revoking probation) is reversed.

Wood, P. J., and Hanson, J., concurred.