Granted. The judgment of the district court revoking Jeffery Terrell Green’s probation and ordering that his six-year prison sentence for simple burglary be made exec-utory is set aside and annulled. The transcript of the revocation hearing shows that neither trial judge nor relator’s probation officer considered the grounds listed in the state’s rule serious enough to justify revocation, and that relator had been so informed. The court began the hearing for the purpose of placing additional conditions on relator’s probation pursuant to La. C.Cr.P. art. 900, as recommended by the probation officer. The court then apparently determined that it could not recommend relator for the Department of Correction’s IMPACT program unless it revoked relator’s probation. Relator was not represented by counsel at the hearing and he was not clearly apprised of the fundamental change in the character of the proceedings, nor of the consequences that would result, when the court told him simply that “we’re going to have to get more formal than this, but we’ll come out the same way.” Under these circumstances, the trial court abused its discretion by revoking relator’s probation for purposes of recommending him to the IMPACT program. Because Green’s probation, had it not been improperly revoked by the judge below, would have terminated on August 2, 1991, his immediate release from custody and further supervision by the State on his conviction for simple burglary is hereby *149 ordered. See State ex rel. Robertson v. Maggio, 341 So.2d 366 (La.1976).