BENTON, J.
We grant a petition for writ of certiorari that raises important questions about the proper role of the parole commission, acting as the control release authority, when a sentencing court has placed a criminal offender, already under control release, on community control and conferred supervisory authority on the department of corrections.
Keith Bruno filed a petition for writ of habeas corpus on grounds the parole commission, acting as the control release authority, failed to comply with section 947.146(10), Florida Statutes (1993), which provides, in part:
If any inmate placed on control release supervision is also subject to ... community control, the department shall supervise such person according to the conditions imposed by the court, and the authority shall defer to such supervision. If the court revokes ... community control, the authority, as the result of the revocation, may vacate the grant of control release.... If the term of control release supervision exceeds that of the ... community control, then supervision shall revert to the authority’s conditions upon expiration of the ... community control.
In the present case, the term of control release supervision exceeded the term of the community control. While Mr. Bruno was under control release, he was accused of a felony and placed on community control for one year, after which he might have returned to control release.
On June 7, 1993, a court withheld adjudication on the felony charge and placed Mr. Bruno on community control until June 6, 1994, with the condition that he spend six months at “Turning Point Bridge.” The control release authority decided against revoking control release. While Mr. Bruno was still on community control, the court that had placed him on community control deleted the “Turning Point Bridge” condition.
*571 By then, the control release authority had also (originally following the sentencing court’s lead) made attendance and completion of the “Turning Point Bridge” program a condition of control release. Even though the court had deleted the condition, the control release authority revoked his control release for failure to remain in the program. In denying the petition for writ of habeas corpus, the court below found that,
although completion of the program was deleted as a special condition of ... community control, upon expiration of his community control [Mr. Bruno] again was subject to conditions of his control release, one of which was completion of the program.
The court below correctly ruled that Mr. Bruno would have been subject to control release supervision on appropriate conditions upon expiration of his term of community control. But Mr. Bruno was still on community control when the parole commission issued its control release violation warrant on October 29,1993.
First on the authority of the warrant, then by virtue of the control release authority’s revocation of his control release, he has been in custody since. If the control release authority determines after remand that, but for premature revocation of control release, Mr. Bruno would by now have been discharged, he should be discharged forthwith. See Downing v. State, 593 So.2d 607 (Fla. 5th DCA 1992) (reversing order revoking probation and discharging defendant); Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978) (discharging defendant whose probation was erroneously revoked three months before it was to have terminated). See generally Haney v. Eyman, 97 Ariz. 289, 399 P.2d 905 (1965); People v. Andre, 37 Cal.App.3d 516, 112 Cal.Rptr. 438 (1974); State ex rel. Green v. Court of Appeal Second Circuit, 586 So.2d 148 (La.1991). Otherwise, the control release authority may order his return to control release on appropriate conditions.
The petition for writ of certiorari is granted, the order denying the petition for writ of habeas corpus is quashed, and the case is remanded for entry of an order granting the petition for writ of habeas corpus.
ALLEN, J., CONCURS.
LAWRENCE, J., DISSENTS WITH OPINION.