Filed 5/19/16  P. v. Ornelas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JIMMY RUDY ORNELAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B267048<br>(Super. Ct. No. 2014006042)<br>(Ventura County) |

Jimmy Rudy Ornelas appeals from an order revoking his postrelease community supervision (PRCS) and confining him in the county jail for 120 days. Appellant contends that the revocation proceedings violated his due process rights.  We affirm.

*Procedural Background*

In April 2014 appellant pleaded guilty to possession of a firearm by a convicted felon.  (Pen. Code, § 29800, subd. (a)(1).)[1]  He admitted that he had served three prior prison terms.  (§ 667.5, subd. (b).)  The trial court struck two of the prior prison terms.  It sentenced appellant to prison for two years, four months.

In April 2015 appellant was released from prison to PRCS for a period not exceeding three years.  His supervising county agency was the Ventura County Probation

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

Agency (Probation Agency). After his release, he failed to report to the Probation Agency. His whereabouts were unknown until May 21, 2015, when he was arrested for taking or driving a vehicle without the owner's consent. (Veh. Code, § 10851, subd. (a).) The arrest occurred after the police had made a traffic stop of a stolen vehicle that appellant was driving. A felony complaint was filed against appellant on May 26, 2015, in new case no. 2015016298.

At an administrative hearing conducted the day after his arrest, Senior Deputy Probation Officer Venessa Meza found that probable cause existed to believe that appellant had violated PRCS. Meza advised appellant that he had "the right to present letters and documents and to speak on [his] own behalf at [the] hearing." Appellant told Meza that, "[w]hen he was released from prison, he did not know he was on community supervision." He also said that "[h]e did not know the car he was driving was stolen."

Appellant was not represented by counsel at the probable cause hearing. He requested that the Public Defender be appointed to represent him at the revocation hearing. He refused to waive his section 3455 right to a revocation hearing.

On May 28, 2015, the Probation Agency filed a petition for revocation of PRCS. A court hearing on the petition was set for June 18, 2015, 28 days after appellant's arrest. On the date of the hearing, appellant's counsel filed a request to dismiss the petition. Counsel alleged: "[T]he postrelease supervision revocation process violates [appellant's] procedural due process rights by not providing for an arraignment date 10 days from his arrest, and a probable cause hearing 15 days from his arrest."

The trial court denied the request for a dismissal and set the matter for a contested revocation hearing. The hearing occurred on Monday, July 6, 2015, the 45th day after appellant's arrest. Appellant submitted the matter "on the allegations contained in the petition [for revocation of PRCS]." The court found the allegations true and concluded that appellant had violated PRCS. It ordered that he serve 180 days in county jail and be returned back to PRCS upon his release. On July 21, 2015, the court reduced the county jail term to 120 days.

*Appellant Was Not Denied Due Process*

The People concede that the revocation of PRCS must comply with the minimum requirements of *Morrissey v. Brewer* (1972) 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (*Morrissey*) and *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*).

Appellant contends that he was denied a *Morrissey*-compliant probable cause hearing within 15 days of his arrest as required by *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*).  In circumstances similar to the instant case, we rejected the same contention in *People v. Gutierrez* (2016) 245 Cal.App.4th 393 (petition for review filed April 11, 2016, S233681.

Appellant claims that he was denied due process because the probation officer did not inform him "that he [was] entitled to assistance of counsel in the probable cause hearing."  "The fatal defect in the current procedure is that appellant was not provided the assistance of counsel when he was confronted by Officer Meza while in custody."  "Without the assistance of counsel, appellant was not able to defend against the charges, question probable cause, or challenge the need to detain him."

*Morrissey* did not require the assistance of counsel.  It did "not reach or decide the question whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent." (*Morrissey*, *supra*, 408 U.S. at p. 489.)  In *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 790 [93 S.Ct. 1756, 36 L.Ed.2d 656], decided one year after *Morrissey*, the High Court concluded, "We . . . find no justification for a new inflexible constitutional rule with respect to the requirement of counsel.  We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system."

*Vickers* held "that as a judicially declared rule of criminal procedure [citation] a probationer is entitled to the representation of retained or appointed counsel at *formal proceedings for the revocation of probation*, or following such summary revocation in appropriate cases." (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462, italics added,

fn. omitted.) *Vickers* does not suggest that a probationer is entitled to retained or appointed counsel at a preliminary probable cause hearing.

In support of his contention that he was entitled to counsel at the probable cause hearing, appellant cites *People v. Andre* (1974) 37 Cal.App.3d 516, superseded by statute on another ground as stated in *People v. Leiva* (2013) 56 Cal.4th 498, 512. Relying on *Vickers*, the *Andre* court stated, "[The probationer] must have the right to counsel at both stages [i.e., the preliminary probable cause hearing and the formal revocation hearing] except in case of absconding." (*Id.*, at pp. 519-520, fn. omitted.)

*Andre* misinterpreted *Vickers*. *Vickers* held that counsel is required at "formal proceedings for the revocation of probation." (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462.) "The initial [probable cause] hearing need not be formal . . . ." (*Id.*, at p. 456.) In his opening brief, appellant refers to "the informal probable cause procedure conducted by Officer Meza." Such an informal hearing is not the equivalent of a "formal proceeding for the revocation of probation" that, pursuant to *Vickers*, requires the presence or waiver of counsel. (*Id.*, at pp. 461-462.) Moreover, the statutory framework does not afford a right to counsel at the probable cause hearing. (See §§ 1203.2, subd. (b)(2); 3000.08, subd. (f); 3044, subd. (a)(3); 3455, subd. (a).)

*Waiver Attempt*

Appellant asserts, "The procedure followed in this case which involved the probation officer's premature attempt to obtain a waiver of [his] due process rights guaranteed in section 3455 constituted a violation of the due process rights established by Morrissey and Vickers." Appellant refused to waive his right to a revocation hearing pursuant to section 3455, and the Probation Agency honored his refusal. Therefore, the probation officer's purported "attempt to obtain a waiver" could not have violated appellant's due process rights.

Appellant contends that the probation officer failed to inform him that "he has the right to consult an attorney before deciding whether to waive his rights to a revocation hearing." The contention is apparently based on section 3455, subdivision (a), which provides, "[A] person may waive, in writing, his or her right to counsel, admit the

4

violation of his or her postrelease community supervision, waive a court hearing, and accept the proposed modification of his or her postrelease community supervision." Since appellant did not waive his right to a revocation hearing, the contention is moot.

*Neutral Hearing Officer*

Appellant argues that Meza, who conducted the probable cause hearing, did not "qualify as a neutral uninvolved entity qualified to provide a fair probable cause [hearing]." According to *Morrissey*, it is permissible "if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation." (*Morrissey*, *supra*, 408 U.S. at p. 486.) Appellant has not shown that, prior to the probable cause hearing, Officer Meza had made a report of PRCS violations or recommended revocation of PRCS. The trial court found that the "probable cause determination was conducted by an officer other than the probation officer who directly supervises [appellant]."

*Disposition*

The order revoking PRCS and confining appellant in the county jail for 120 days is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Patricia Murphy, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.