Filed 5/19/16  P. v. Clark CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOEL DOUG CLARK,<br><br>  Defendant and Appellant. | 2d Crim. No. B266512<br>(Super. Ct. No. 2010044526)<br>(Ventura County) |

Joel Doug Clark appeals from an order revoking his postrelease community supervision (PRCS) and confining him in the county jail for 122 days.  Appellant contends that the revocation proceedings violated his due process rights.  We affirm.

### Procedural Background

In 2011 appellant pleaded guilty to felony elder abuse.  (Pen. Code, § 368, subd. (b)(1).)[1]  The trial court suspended the imposition of sentence and placed him on formal probation for 36 months on condition that he serve 300 days in county jail.  In 2012 the court revoked probation and sentenced him to prison for two years.

In January 2013 appellant was released on PRCS.  His supervising county agency was the Ventura County Probation Agency (Probation Agency).  In February 2015 he was arrested for violating PRCS.  The trial court revoked PRCS and ordered him

---

[1] All statutory references are to the Penal Code unless otherwise stated.

to serve 120 days in the county jail. Appellant appealed. We filed an unpublished opinion affirming the revocation of PRCS. (*People v. Clark* (March 30, 2016, B264013) [nonpub. opn].)

On April 17, 2015, after serving the 120-day county jail term, appellant was released on PRCS. He failed to report to the Probation Agency. His whereabouts were unknown until his arrest on June 12, 2015.

On June 15, 2015, three days after his arrest, Senior Deputy Probation Officer Venessa Meza conducted an administrative probable cause hearing. Meza advised appellant that he had "the right to present letters and documents and to speak on [his] own behalf at [the] hearing." Appellant told Meza that, after his April 17, 2015 release on PRCS, he was hospitalized for one week, made telephone calls to probation that were not returned, and "did not know that he needed to report to probation." Meza found that probable cause existed to believe that appellant had violated PRCS because he had failed to report to the Probation Agency and submit to testing.

Appellant was not represented by counsel at the probable cause hearing. He requested that the Public Defender be appointed to represent him at the revocation hearing. He refused to waive his section 3455 right to a revocation hearing.

On June 19, 2015, the Probation Agency filed a petition for revocation of PRCS. A court hearing on the petition was set for July 2, 2015, 20 days after appellant's arrest. On the date of the hearing, appellant's counsel filed a request to dismiss the petition. Counsel alleged: "[T]he postrelease supervision revocation process violates [appellant's] procedural due process rights by not providing for an arraignment date 10 days from his arrest, and a probable cause hearing 15 days from his arrest."

The trial court denied the request for a dismissal. Appellant then submitted the matter on the petition. The court found the petition true, revoked PRCS, and ordered appellant to serve 122 days in the county jail.

*Appellant Was Not Denied Due Process*

The People concede that the revocation of PRCS must comply with the minimum requirements of *Morrissey v. Brewer* (1972) 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484] (*Morrissey*) and *People v. Vickers* (1972) 8 Cal.3d 451 (*Vickers*).

Appellant contends that he was denied a *Morrissey*-compliant probable cause hearing within 15 days of his arrest as required by *Williams v. Superior Court* (2014) 230 Cal.App.4th 636 (*Williams*). In circumstances similar to the instant case, we rejected the same contention in appellant's previous appeal. We relied on *People v. Gutierrez* (2016) 245 Cal.App.4th 393. (*People v. Clark*, *supra*, slip opinion at p. 2.)

Appellant claims that he was denied due process because the probation officer did not inform him "that he [was] entitled to assistance of counsel in the probable cause hearing." "The fatal defect in the current procedure is that appellant was not provided the assistance of counsel when he was confronted by Officer Meza while in custody." "Without the assistance of counsel, appellant was not able to defend against the charges, question probable cause, or challenge the need to detain him."

*Morrissey* did not require the assistance of counsel. It did "not reach or decide the question whether the parolee is entitled to the assistance of retained counsel or to appointed counsel if he is indigent." (*Morrissey*, *supra*, 408 U.S. at p. 489.) In *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 790 [93 S.Ct. 1756, 36 L.Ed.2d 656], decided one year after *Morrissey*, the High Court concluded, "We . . . find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system."

*Vickers* held "that as a judicially declared rule of criminal procedure [citation] a probationer is entitled to the representation of retained or appointed counsel at *formal proceedings for the revocation of probation*, or following such summary revocation in appropriate cases." (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462, italics added,

3

fn. omitted.) *Vickers* does not suggest that a probationer is entitled to retained or appointed counsel at a preliminary probable cause hearing.

In support of his contention that he was entitled to counsel at the probable cause hearing, appellant cites *People v. Andre* (1974) 37 Cal.App.3d 516, superseded by statute on another ground as stated in *People v. Leiva* (2013) 56 Cal.4th 498, 512. Relying on *Vickers*, the *Andre* court stated, "[The probationer] must have the right to counsel at both stages [i.e., the preliminary probable cause hearing and the formal revocation hearing] except in case of absconding." (*Id.*, at pp. 519-520, fn. omitted.)

*Andre* misinterpreted *Vickers*. *Vickers* held that counsel is required at "formal proceedings for the revocation of probation." (*Vickers*, *supra*, 8 Cal.3d at pp. 461-462.) "The initial [probable cause] hearing need not be formal . . . ." (*Id.*, at p. 456.) In his opening brief, appellant refers to "the informal probable cause procedure conducted by Officer Meza." Such an informal hearing is not the equivalent of a "formal proceeding for the revocation of probation" that, pursuant to *Vickers*, requires the presence or waiver of counsel. (*Id.*, at pp. 461-462.) Moreover, the statutory framework does not afford a right to counsel at the probable cause hearing. (See §§ 1203.2, subd. (b)(2); 3000.08, subd. (f); 3044, subd. (a)(3); 3455, subd. (a).)

*Waiver Attempt*

Appellant asserts, "The procedure followed in this case which involved the probation officer's premature attempt to obtain a waiver of [his] due process rights guaranteed in section 3455 constituted a violation of the due process rights established by Morrissey and Vickers." Appellant refused to waive his right to a revocation hearing pursuant to section 3455, and the Probation Agency honored his refusal. Therefore, the probation officer's purported "attempt to obtain a waiver" could not have violated appellant's due process rights.

Appellant contends that the probation officer failed to inform him that "he has the right to consult an attorney before deciding whether to waive his rights to a revocation hearing." The contention is apparently based on section 3455, subdivision (a), which provides, "[A] person may waive, in writing, his or her right to counsel, admit the

4

violation of his or her postrelease community supervision, waive a court hearing, and accept the proposed modification of his or her postrelease community supervision." Since appellant did not waive his right to a revocation hearing, the contention is moot.

*Neutral Hearing Officer*

Appellant argues that Meza, who conducted the probable cause hearing, did not "qualify as a neutral uninvolved entity qualified to provide a fair probable cause [hearing]." According to *Morrissey*, it is permissible "if an evaluation of whether reasonable cause exists to believe that conditions of parole have been violated is made by someone such as a parole officer other than the one who has made the report of parole violations or has recommended revocation." (*Morrissey*, *supra*, 408 U.S. at p. 486.) Appellant has not shown that, prior to the probable cause hearing, Meza had made a report of PRCS violations or recommended revocation of PRCS.

*Disposition*

The order revoking PRCS and confining appellant in the county jail for 122 days is affirmed.

NOT TO BE PUBLISHED.



YEGAN, J.


We concur:


GILBERT, P. J.



PERREN, J.



5

Donald Coleman, Judge

Superior Court County of Ventura

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Connie H. Kan, Deputy Attorney General, for Plaintiff and Respondent.