[No. A030447. First Dist., Div. Three. Mar. 20, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES G. FELIX, Defendant and Appellant.

**COUNSEL**

Sean C. Claymore for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ronald E. Niver and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHITE, P. J.**—On September 8, 1982, in the Municipal Court of the City and County of San Francisco, appellant was charged by complaint with one count of felony attempted burglary (Pen. Code, §§ 664 and 459), and one count of possession of burglars' tools (Pen. Code, § 466). The complaint also included an allegation of a prior conviction (Pen. Code, §§ 667 and 1192.7, a serious felony). On October 22, 1982, in superior court, appellant pleaded guilty to one count of attempted burglary (Pen. Code, §§ 664 and 459). On the same day appellant was sentenced to three-years probation subject to serving a 90-day term in county jail, with 46 days credit, and was ordered to pay restitution as directed by the adult probation department.

On February 16, 1983, the district attorney's office filed a notice of motion to revoke probation, alleging that appellant violated Health and Safety Code section 11378 (possession of a controlled substance for sale). On March 21, 1983, the court denied the revocation motion. However, the court modified appellant's probation to include participation in an alcohol rehabilitation program.

On April 23, 1984, the adult probation department filed, and was granted, a motion to revoke appellant's probation on grounds that appellant failed to

complete an in-patient alcohol treatment program and failed to leave a forwarding address. At a hearing held on June 13, 1984, the superior court set aside the motion to revoke probation, restored probation to the original terms and conditions, and ordered appellant to participate in the sheriff's work alternative program for four weekends.

On August 9, 1984, appellant was charged in the City and County of San Francisco with attempted grand theft (Pen. Code, §§ 664 and 487, subd. 2) and unauthorized possession of a controlled substance (Health & Saf. Code, § 11377). Based on this complaint, the district attorney's office filed a notice of petition and petition to revoke probation on September 27, 1984, alleging that appellant violated the condition of probation not to engage in criminal practices. The motion was heard concurrent with trial on November 9, 1984, and continued to November 20, 1984. Appellant was found in violation of his probation and probation was revoked. On December 4, 1984, appellant was sentenced to serve one year in state prison with credit for time served. On January 17, 1985, appellant filed timely notice of appeal.

Appellant contends that he was denied due process during the probation revocation hearing. Specifically, appellant asserts that he was not given proper notice of the violations which were alleged at the hearing and which formed the basis of the court's decision to revoke appellant's probation.

In the petition to revoke probation, the district attorney alleged two specific grounds for revocation of appellant's probation: first, that appellant had violated Penal Code sections 664 and 487, subdivision 2 (attempted grand theft) and second, that he had violated Health and Safety Code section 11377 (unauthorized possession of a controlled substance). In support of these allegations, two plainclothes officers testified that on August 9, 1984, they observed the appellant attempting to "pick-purses" while riding on a crowded cable car. The officers subsequently arrested appellant for attempted grand theft. Appellant was also charged with possession of an unauthorized drug when he was found to be in possession of a package of cigarettes containing numerous white pills, later determined to be codeine.

The People also introduced testimony by appellant's probation officer, Karen Whelan, in support of the motion to revoke probation. Ms. Whelan testified about appellant's conduct during probation and recommended that the court revoke appellant's probation. In response to specific questions by the prosecutor, Ms. Whelan testified that appellant had not successfully completed any of the alcohol treatment programs that he had entered and

that appellant had twice been arrested for possession of dangerous drugs while on probation. Appellant's counsel objected to these questions, arguing that he had no notice that these matters would be raised and alleged as a basis for revoking appellant's probation. These objections were overruled.

Appellant contends that his due process rights were violated when the court admitted Ms. Whelan's testimony. Appellant points out that the petition to revoke probation contained only two allegations of probation violation (the attempted grand theft and drug possession charges). The petition did not specify that evidence of appellant's failure to complete alcohol rehabilitation and appellant's prior arrests for drug possession would be introduced as a basis for revoking appellant's probation. Appellant argues that while he received proper notice of the two criminal charges, he did not receive proper notice of, and opportunity to defend against, Ms. Whelan's testimony. Consequently, appellant argues, he was denied due process when the court admitted Ms. Whelan's testimony and considered it in making the decision to revoke probation.

Penal Code section 1203.2, subdivision (a), provides in part: "[T]he court may revoke and terminate such probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his probation . . . or has subsequently committed other offenses, regardless whether he has been prosecuted for such offenses."

In *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593], the United States Supreme Court held that the minimum due process requirements at a parole revocation hearing are as follows: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a "neutral and detached" hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

In *People* v. *Vickers* (1972) 8 Cal.3d 451, 458 [105 Cal.Rptr. 305, 503 P.2d 1313], the California Supreme Court held that the minimal due process requirements of *Morrissey* are equally applicable to probation revocation cases. The court went on to note: "However, the precise nature of the proceedings for such revocation need not be identical if they assure equivalent due process safeguards." (*Id.,* at p. 458.) ■ Hence, some flexibility in the manner in which due process guarantees are met is acceptable.

We hold that in the present case appellant was not denied due process. The record clearly indicates that "equivalent due process safeguards" were provided during appellant's probation revocation hearing.

In his brief, appellant cites two specific questions asked by the prosecutor during Ms. Whelan's direct examination as the basis for his contention that he was denied due process. When the prosecutor asked Ms. Whelan about appellant's failure to complete an alcohol rehabilitation program, defense counsel objected, stating that he did not receive proper notice that this violation would be raised. At this point, the court overruled counsel's objection and added, "If you need more time to prepare, we will consider that, but I think it's highly relevant how he had done on probation." This was a clear invitation on the part of the court to entertain a motion for a continuance; however, counsel never requested a continuance in response to this offer.

Trial counsel also objected to the next line of questioning eliciting information from Ms. Whelan regarding appellant's arrests for possession of drugs while on probation. Again, counsel argued that he had no notice that these arrests would be alleged at the hearing. However, once again, counsel did not follow his objection with a motion for a continuance.

In light of the court's clear offer to consider a motion for a continuance, we cannot say that appellant's due process rights were violated in this instance. The court in *Vickers* made it clear that while revocation can be had only with due process protections, the precise nature of the proceedings need not be identical as long as they assure "equivalent due process safeguards." (*People* v. *Vickers, supra,* 8 Cal.3d 451, 458.) In the present case the court assured an equivalent safeguard when it offered appellant the opportunity to request extra time in order to answer all of the allegations on which the revocation would be based. This offer evidenced the court's intention to afford appellant a fair opportunity to prepare and defend against allegations of which he had no notice and thus to preserve appellant's due process rights. If indeed appellant was surprised and unprepared due to lack of notice regarding Ms. Whelan's testimony, it was up to counsel to take advantage of the court's offer to entertain a motion for a continuance. We will not speculate as to reasons for counsel's decision not to ask for a continuance. We hold, however, that the court provided a constitutionally sufficient safeguard of appellant's due process rights and preserved the fundamental fairness of the proceedings when it offered to consider a motion for a continuance. Accordingly, the court fulfilled the due process requirements of *Vickers* in the present case.

The judgment is affirmed.

Scott, J., and Barry-Deal, J., concurred.