[No. H003004. Sixth Dist. Feb. 8, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
DIMITRIC RENE MOSLEY, Defendant and Appellant.

[No. H003411. Sixth Dist. Feb. 8, 1988.]

In re DIMITRIC RENE MOSLEY on Habeas Corpus.

COUNSEL

Sheldon Portman, under appointment by the Court of Appeal, and Dallas Sacher for Defendant and Appellant and Petitioner.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John Sugiyama, Assistant Attorney General, Morris Beatus and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

AGLIANO, P. J.—Dimitric Rene Mosley appeals from a judgment rendered on April 9, 1987, revoking probation and imposing a six-year prison sentence for violating a condition of his probation which required him to abstain from consumption of alcoholic beverages.

Mosley contends he was denied procedural and substantive due process in that (1) he was not afforded adequate notice of the grounds for revoking probation nor a written statement of the reasons for the violation, and (2) imposition of a six-year prison sentence for violation of an abstinence condition of probation was a fundamentally unfair abuse of discretion. In addition, he claims ineffective assistance of trial counsel for his failure to object to the lack of written notice. By an accompanying writ, Mosley argues that the court's action was a nullity and demands immediate release given that his probation term has expired in the interim.

### BACKGROUND

Mosley was originally placed on probation on May 10, 1984, following his conviction for rape of an unconscious person (Pen. Code, § 261, subd.

(4)). The court imposed the middle term of six years which it ordered suspended. On May 2, 1985, Mosley's probation was revoked following a conviction for driving under the influence (Veh. Code, § 23152, subd. (b)). Probation in that instance was ordered reinstated on condition that Mosley serve 42 days in county jail and participate in an alcohol counseling program, which he did.

On December 7, 1986, Mosley was arrested on a charge of rape (Pen. Code, § 261). Two days later he was arraigned on a petition to revoke probation (Pen. Code, § 1203.3). The sole basis alleged was the new criminal charge; it was not alleged that Mosley violated the condition of his probation that he abstain from drinking alcoholic beverages. It was subsequently ordered that the probation revocation issue would be heard concurrently with the jury trial on the criminal charges.

The jury heard evidence for three days. Both the prosecution and defense rested their cases, the court instructed the jury, and the jury retired to deliberate upon a verdict as to the charge of rape. During those deliberations, the court requested comment on the issue of revocation of probation. In response, the district attorney pointed out that her "file reflects that it's a condition of his probation that he not consume any alcohol. And I think there was clear evidence in this case that he did consume alcohol. I'd like the court to consider that."

Defense counsel immediately responded that he would need to look at the prior case to "confirm that condition of probation." The court also stated it needed to get its file on the prior case and look at it to determine whether abstaining from the use of alcohol was a condition of that prior probation.

After the court confirmed that the original order did require Mosley to abstain from alcohol, both counsel briefly addressed the veracity and substance of the evidence at trial regarding Mosley's drinking.

At that point, the jury returned its verdict of not guilty as to each of the two charges of rape.

The court resumed its consideration of the probation violation matter, stating as follows: "I can't say that I can find by clear and convincing evidence that the defendant committed a rape, but I certainly find him in violation of probation by clear and convincing evidence that he consumed alcohol. So I find him in violation of probation. [¶] And clearly—I don't know exactly what occurred out there. Clearly you were in an area and doing things, based on what you were convicted of, that you shouldn't have been doing, and I'm going to take all those facts into consideration at the

time of sentencing. [¶] But I do find the defendant in violation for having consumed alcohol. It was particularly a condition of probation that was imposed because of the total facts surrounding the first case."

A supplemental probation report was prepared. Mosley gave a statement to the probation officer in which he denied drinking wine, stating that it was Little Robbie who had been drinking.

The probation department recognized the case presented "a potential paradoxical situation," given that Mosley had only received 42 days in the county jail for violating his probation for driving under the influence with a .22 percent blood alcohol level, questioning whether "a six year prison term [would] be reasonable for violating probation by consuming some wine (not intoxicated)." After weighing the "merits and faults" of three possible dispositions ("6 years prison, terminate probation on May 10, 1987, reinstate and extend felony probation one or two years"), the probation department concluded that "sufficient punishment" would be exacted should Mosley remain in custody until May 10, 1987, for a total of 152 actual custody days, and recommended probation be terminated upon Mosley's release on that date.

## FACTUAL SUMMARY

The evidence presented during the trial showed that at 3 a.m. on December 7, 1986, 19-year-old Connie W. was returning to her home in Seaside after a party when she saw a friend, known to her as "Little Robbie," get into an automobile driven by Mosley.

Connie was five or six blocks from her home. She asked for a ride home and was invited to get in. The three drove to the Sand Castle Motel, where Robbie got out. Connie had never met Mosley before that morning; the two of them expected Robbie to return and waited about 20 minutes for him. According to Connie, during that time, Mosley was drinking Thunderbird wine from a bottle.

Mosley got tired of waiting and drove off in the direction of Connie's home. He drove beyond her street into a courtyard where he parked. Mosley and Connie engaged in sexual intercourse in the car. Connie claimed this was done against her will, and that it lasted for several hours. Connie also testified that Mosley tossed the empty Thunderbird bottle onto the courtyard street.

After the sexual intercourse, Connie got out of the car, got dressed, and "invited" Mosley "to go to [her] house and finish." She testified that the invitation was a ruse so Mosley would not "get away."

At approximately 6 or 6:30 a.m., Mosley walked Connie to her door. She entered, while he waited outside; after locating her boyfriend inside, Connie began to holler that she had been raped.

A medical exam of Connie revealed the presence of semen in the vagina with no signs of trauma to the genital area. The medical examiner noted that Connie appeared "blase" and "inappropriate for having just been traumatized to the extent that she told me about in the history."

Officer Dike accompanied Connie to the courtyard where she and Mosley had engaged in sexual intercourse. Dike observed an empty bottle of Thunderbird wine located where it would have landed if dropped from the driver's side of a car parked where Connie indicated Mosley had parked.

## DISCUSSION

■ Mosley contends he was denied procedural due process during his probation revocation hearing in that he was not given proper notice of the violation which formed the basis of the court's decision to revoke his probation.

In the petition to revoke probation, the district attorney alleged one specific ground for revocation, namely that Mosley violated Penal Code section 261 (rape) on December 7, 1986. The petition did not specify Mosley's alcohol consumption on that date as an alternative ground for revocation.

During the course of the testimony introduced in support of the motion to revoke probation and the simultaneous jury trial on the rape charges, the complaining witness, Connie W., testified that she saw Mosley drinking "[s]ome Thunderbird [wine]." She added that Mosley threw the bottle out of the car in the courtyard where they engaged in sexual intercourse. Officer Dike testified he observed such a bottle in the area of the street where Connie said they had parked.

While the jury was deliberating on the rape charges, the court elicited comment from counsel as to the pending petition to revoke probation. The district attorney, apparently wisely concerned with the credibility and substantiality of the testimony of the complaining witness with respect to the rape which was alleged as the sole ground for revocation, asked the court to consider that Mosley had violated a condition of his probation that he not consume any alcohol.

The record is clear that until that moment neither counsel for Mosley nor the court was aware that abstinence from alcohol was a condition of

Mosley's probation; the court and counsel searched their respective files to ascertain whether the original order of probation did contain such a condition.

After the jury returned its verdicts of not guilty and was excused, the court announced that it could not find clear and convincing evidence of the charged violation of probation but that it found Mosley in violation of probation for consuming alcohol.

Mosley argues that his lack of notice that consumption of alcohol would be a basis for revocation of probation denied him an opportunity to defend against that testimony and that, consequently, he was denied due process when the court considered the testimony of consumption of alcohol in making its decision to revoke probation and relied on the violation of the consumption of alcohol restriction as the sole basis for its decision to revoke his probation.

■ The United States Supreme Court, in *Black* v. *Romano* (1985) 471 U.S. 606 [85 L.Ed.2d 636, 105 S.Ct. 2254], recently reiterated that the due process clause of the Fourteenth Amendment imposes the following procedural limits on a revocation of the conditional liberty created by the grant of probation: "final revocation of probation must be preceded by a hearing . . . . The probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation. [Citations.]" (*Id.* at pp. 611-612 [85 L.Ed.2d at pp. 642-643], citing *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593], and *Gagnon* v. *Scarpelli* (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756].)

In *People* v. *Felix* (1986) 178 Cal.App.3d 1168 [224 Cal.Rptr. 279], the Court of Appeal found that the defendant was not denied due process when his probation officer was permitted to answer questions regarding his failure to complete alcohol rehabilitation and his prior arrests for drug possession, although neither matter was noticed as a possible basis for revoking his probation, because the record in Felix's case "clearly indicates that 'equivalent due process safeguards' were provided during [Felix's] probation revocation hearing." (*Id.* at p. 1172.) In *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313], the California Supreme Court had noted that, while the minimal due process requirements of *Morrissey* are applicable in probation revocation proceedings, "the precise nature of the proceedings for such revocation need not be identical if they assure equivalent due process safeguards." (*Id.* at p. 458.) Any uncertainty remaining in

the wake of *Vickers,* however, appears to have been quelled by subsequent language in both *Gagnon* v. *Scarpelli* and *Black* v. *Romano* which explicitly requires written notice of any claimed violation as part of the minimal due process requirements in probation revocation cases. To the extent that the court in *Felix* required less, it at least made a clear offer to consider a motion for a continuance, an offer which "evidenced the court's intention to afford appellant a fair opportunity to prepare and defend against allegations of which he had no notice and thus to preserve appellant's due process rights" and thereby "the court fulfilled the due process requirements of *Vickers* . . . ." (*People* v. *Felix, supra,* 178 Cal.App.3d at p. 1172.)

 Here, the record does not disclose that Mosley was offered additional time to answer the unnoticed allegation on which his revocation was based. The evidentiary phase of the hearing was completed before either he or the court was aware of the charge which ultimately constituted the basis for revocation. Mosley had no opportunity to prepare and defend against that allegation. Defense counsel might well have cross-examined the complaining witness and the officer with a different purpose had he known that he was defending his client against an allegation of alcohol consumption. Likewise, counsel may have called defendant as a witness. Because the trial court failed to provide "a constitutionally sufficient safeguard of appellant's due process rights and [preserve] the fundamental fairness of the proceedings," Mosley was denied due process.

 Mosley argues that since his probationary period has now expired, no new revocation hearing is permissible. He contends that our reversal requires his immediate release, citing the holdings in *People* v. *Andre* (1974) 37 Cal.App.3d 516 [112 Cal.Rptr. 438] and *People* v. *Amsbary* (1975) 51 Cal.App.3d 75 [125 Cal.Rptr. 546]. While those two cases appear to stand for that proposition, we are not persuaded by their reasoning. Both *Andre* and *Amsbary* take the position that because the action taken by the court within the period of probation was in contravention of the *Morrissey-Vickers* standard, it was a "nullity" which could not toll the running of the probationary period. We disagree.

During the probationary period in this case, the court did have reason to believe from the hearing before it that Mosley had violated the condition of his probation that he not consume alcoholic beverages. On the basis of that information, the court revoked probation, thereby tolling the running of the probationary period. (Pen. Code, § 1203.2, subd. (a).)[1] The fact that the violation of probation hearing was deficient under the standards set forth in

---

[1] Penal Code section 1203.2, subdivision (a), provides in relevant part: "Such revocation, summary *or otherwise,* shall serve to toll the running of the probationary period." (Italics added.)

*Vickers* and *Morrissey* does not require immediate release, but instead necessitates a remand for further proceedings in accordance with the due process requirement of formal notice of a motion to revoke probation as well as in accordance with all requirements of procedural and substantive due process set forth in *Black* v. *Romano, supra,* 471 U.S. at pages 611-612 [85 L.Ed.2d at pp. 642-643]. (See *In re Moss* (1985) 175 Cal.App.3d 913, 929-931 [221 Cal.Rptr. 645]; *People* v. *Hayko* (1970) 7 Cal.App.3d 604, 611 [86 Cal.Rptr. 726].)

The order revoking probation is reversed and the cause is remanded for further proceedings in accordance with the views stated in this opinion.

In light of the above, the accompanying petition for writ of habeas corpus is denied. Denial of the petition is effective upon the finality of our decision on the appeal herein. (See Cal. Rules of Court, rule 24(a).)

Brauer, J., and Capaccioli, J., concurred.

A petition for a rehearing was denied March 3, 1988, and appellant's petition for review by the Supreme Court was denied June 2, 1988.