Filed 4/15/14  P. v. Gordon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHATOYA LYN GORDON,<br><br>    Defendant and Appellant. | 2d Crim. No. B248403<br>(Super. Ct. No. MA054220)<br>(Los Angeles County) |

In 2012, Shatoya Lyn Gordon pled no contest to first degree burglary (Pen. Code, § 459)[1] and kidnapping (§ 207, subd. (a)), and was sentenced to six years four months in state prison.  The trial court suspended execution of sentence and placed her on five years' probation.  Subsequently she was charged with an unrelated assault with a deadly weapon (§ 245, subd. (a)(1)) of the victim from the earlier case.  Her probation was summarily revoked.

A jury acquitted appellant of assault, but the trial court found appellant had suborned perjury during trial and had violated protective orders.  It revoked probation, imposed the previously suspended prison sentence of six years four months and awarded 387 days of presentence custody credit.

---

    [1] All statutory references are to the Penal Code.

Appellant contends she was denied procedural and substantive due process because the trial court did not provide adequate notice of the grounds for revoking probation or an adversarial hearing. We conclude appellant waived appellate review by failing to raise these claims in the trial court. She also has not demonstrated error. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Appellant and the victim, David Jones, have a history of domestic discord. Between 2008 and 2011, Jones obtained three separate protective orders against appellant. Her conviction for burglary and kidnapping in 2012 arose out of an incident involving Jones and the couple's minor child. As a condition of probation, appellant was required to "obey all laws, rules, regulations, and orders of the court." She also was ordered to stay away from Jones. The trial court advised: "[I]f you violate your terms of probation, including violating the protective order, you're facing six years, four months in state prison."

Nine months later, appellant was charged with assaulting Jones with a deadly weapon. After summarily revoking her probation, the trial court ordered that the assault case (No. MA057506) "be heard with" the probation violation.

The trial lasted five days. Appellant's defense was that she was at home with several other people at the time of the alleged assault. Two witnesses, Samia Abdul-Rahmaan and Eric Floyd, corroborated this alibi. During cross-examination, the prosecutor confronted Abdul-Rahmaan with recorded jailhouse conversations in which appellant encouraged Abdul-Rahmaan to "lie and say [she] left later than [she did]." Appellant also asked Abdul-Rahmaan to speak with another witness about doing the same. During a break in Abdul-Rahmaan's testimony, the trial court suggested that appellant consider a possible plea bargain:

"THE COURT: What I can tell you is that you are on probation on that case, and . . . that makes it really difficult for you because you have six years, four months hanging over your head. And there are two strikes on that

2

case. [¶] If that case wasn't in existence, I would think that we could have settled the trial matter. But that is the fly in the ointment, if you will. Do you see what I'm saying?

THE DEFENDANT: Yeah. Basically, did I violate probation.

THE COURT: Well, that's going to be an issue that we are going to have to address. [¶] You know, making telephone calls to a witness which reasonably could be construed to affect their proposed testimony is a problem."

When appellant testified, she admitted asking Abdul-Rahmaan to get another witness, Jai Winston, to lie under oath to support her alibi. Appellant also admitted violating the protective orders requiring her to stay away from Jones.

On the final day of trial, the court reiterated it had "to deal with the issue of the probation violation." After the jury found appellant not guilty of assault, the court advised: "Let me state preliminarily -- and I am happy to hear from both sides -- I indicated that I was hearing the violation hearing concurrent with the trial. And preliminarily, I do find she is in violation of probation. [¶] And that's based on not necessarily what happened to David Jones, but based on the telephone calls and the fact that [appellant] clearly was trying to influence or manufacture testimony to support an alibi. [¶] I think . . . it didn't impact [the jury's] decision, but obviously what she did and what I heard clearly . . . was what a desperate woman was trying to do to prove that she wasn't guilty."

Following a lunch break, the trial court found by a preponderance of the evidence that appellant had violated probation. It stated that regardless of the jury's verdict, it could not ignore "what happened on those jailhouse calls." It explained: "[T]he fact that what you did by . . . . sub[orning] perjury or attempting to do so by concocting this alibi goes to the very core and heart and the very integrity of the criminal justice system." Appellant responded: "I understand, sir." Defense counsel did not raise

any objections or ask to be heard on the probation matter. The court continued the matter for sentencing.

Appellant filed a letter acknowledging the wrongfulness of her actions and requesting reinstatement of probation. The trial court determined her manipulation of witness testimony and suborning of perjury merited imposition of the previously suspended sentence. It also determined she had violated the protective orders, "demonstrat[ing] a continuing unwillingness to follow a court order."

DISCUSSION

Appellant argues she was denied due process during the probation revocation proceeding because she had neither written notice of the grounds of the probation violation nor an adversarial hearing. The People contend she forfeited appellate review by failing to raise these issues in the trial court. We agree.

Appellant did not object when, prior to trial, the trial court announced the probation revocation would be heard concurrently with the trial on the assault charge. Nor did she raise any objections when, during trial, the court told her the recorded jailhouse conversations could be deemed a probation violation. She also did not object or ask to be heard when the trial court stated its tentative decision to find her in violation of probation based on her subornation of perjury. Thus, any claim of inadequate notice or lack of an adversarial hearing was waived. (*People v. Hawkins* (1975) 44 Cal.App.3d 958, 967; *People v. Buford* (1974) 42 Cal.App.3d 975, 982.)

Even if the claim was not waived, appellant has not demonstrated error. Section 1203.2, subdivision (a), authorizes the trial court to revoke probation if it "has reason to believe . . . that the person has violated any of the conditions of his or her supervision." Trial courts must provide a criminal defendant with certain minimum due process protections before probation is revoked: "These requirements are: (1) written notice of claimed violations, (2) disclosure of adverse evidence, (3) the right to confront and cross-examine witnesses, (4) a neutral and detached hearing board, and (5) a written statement by the fact finders as to the evidence relied on and the reasons for revocation." (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441, citing *Morrissey v. Brewer* (1972) 408

4

U.S. 471, 488-489.) Nonetheless, the due process accorded in a revocation proceeding is flexible, informal and does not necessitate the full panoply of procedural protections of a criminal trial. (*Black v. Romano* (1985) 471 U.S. 606, 612-613; *People v. Vickers* (1972) 8 Cal.3d 451, 457-458.)

Appellant was required, as a condition of probation, to obey all laws and court orders, including the protective orders requiring her to stay away from Jones. The trial court summarily revoked probation based on the felony information alleging that appellant violated the law by assaulting Jones with a deadly weapon. Implicit in that allegation was notice that, by assaulting Jones, appellant also violated the orders requiring her to stay away from him.[2]

Appellant does not dispute she was afforded an opportunity to be heard and present evidence on the assault charge. Her defense was that she was elsewhere at the time of the alleged attack. Although the jury acquitted appellant of that charge, the trial court found by a preponderance of the evidence that, in addition to suborning perjury, she had violated the protective orders. The court stated: "[T]hroughout the years, you [appellant] have demonstrated a continuing unwillingness to follow a court order. . . . [R]estraining orders were issued, protective orders were issued prohibiting you from having contact with the father of your child. At least two or three of them were ordered, I believe. And each one has been violated at least once." These violations alone were sufficient to support revocation of probation.

The jailhouse telephone calls between appellant and Abdul-Rahmaan did not occur until after the information was filed. Evidence of subornation of perjury came to light when the prosecutor used the recorded conversations to impeach Abdul-Rahmaan's testimony. Immediately after hearing the conversations, the trial court advised, and appellant acknowledged, she could be held in violation of probation for "making telephone calls to a witness which reasonably could be construed to affect their

---

[2] The record does not contain a copy of the information in No. MA057506. It is possible the information explicitly gave notice of the alleged violation of the protective orders.

5

proposed testimony."  This statement, coupled with appellant's acknowledgment, provided ample notice the court was going to consider this evidence in deciding whether she violated probation.  (See *People v. Felix* (1986) 178 Cal.App.3d 1168.)

Appellant's reliance on *People v. Mosley* (1988) 198 Cal.App.3d 1167, is misplaced.  In that case, the petition to revoke probation was based on a charge of rape. The trial court heard the revocation proceeding concurrently with the jury trial on the rape charge.  While the jury was deliberating, the prosecutor pointed out that abstinence from alcohol was a probation condition and that uncontradicted testimony showed the defendant had been drinking on the day of the alleged rape.  (*Id.* at p. 1172.)  After the jury returned a not guilty verdict on the rape charge, the trial court found no clear and convincing evidence of rape, but revoked probation based on the evidence of alcohol consumption.  (*Id.* at p. 1173.)

The Court of Appeal determined the defendant had been denied due process because "[t]he evidentiary phase of the hearing was completed before either Mosley or the court was aware of the charge which ultimately constituted the basis for revocation. Mosley had no opportunity to prepare and defend against that allegation.  Defense counsel might well have cross-examined the complaining witness and the officer with a different purpose had he known that he was defending his client against an allegation of alcohol consumption.  Likewise, counsel may have called defendant as a witness." (*People v. Mosley, supra*, 198 Cal.App.3d at p. 1174.)

Here, appellant had notice during the evidentiary phase of the hearing that her probation could be revoked based on her subornation of perjury in the recorded jailhouse conversations.  The court notified her of the potential violation immediately after hearing the recorded conversations.  At that point, Abdul-Rahmaan had not completed her testimony and appellant was able to confront and cross-examine her about the conversations.  Appellant also addressed the issue in her own testimony.  Unlike in *Mosley*, appellant had an opportunity to prepare and defend against the allegation.

Finally, any error was harmless beyond a reasonable doubt given the overwhelming and undisputed evidence that appellant suborned perjury and violated the

6

protective orders.  (*Chapman v. California* (1967) 386 U.S. 18, 24.)  She admitted both violations when she testified, and also in her post-trial letter to the court.  There was ample evidence to demonstrate a probation violation.

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

Hayden Zacky, Judge

Superior Court County of Los Angeles

_____

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Ana R. Duarte, Deputy Attorney General, for Plaintiff and Respondent.