Filed 12/12/14  P. v. Bailey CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>REGGIE LEE BAILEY,<br><br>          Defendant and Appellant. | A141231<br><br>(Contra Costa County<br>Super. Ct. No. 01-166291-5) |

Reggie Lee Bailey was convicted on his plea of no contest to second degree burglary and granted probation.  A petition was filed alleging that Bailey violated the condition of his probation that he obey all laws, having been again arrested for burglary of the same premises where his earlier offense occurred.  After a contested hearing, the court found Bailey in violation of his terms of probation.  Bailey contends that the evidence was insufficient to support the court's findings.  We disagree and affirm.

## I.     BACKGROUND

Bailey was originally charged by complaint with having committed a first degree burglary (Pen. Code, §§ 459, 460, subd. (a))[1] at an apartment complex located in Concord at 1825 Galindo Street (1825 Galindo), and with receiving stolen property (§ 496, subd. (a)).  A sentencing enhancement under section 667.5, subdivision (b) was alleged based upon a prior prison term, and it was further alleged that he was ineligible for probation.

---

[1] Undesignated statutory references are to the Penal Code.

1

On November 1, 2013, pursuant to a plea agreement, Bailey entered a plea of no contest to a second degree burglary charge (§§ 459, 460, subd. (b)) alleged in an amended complaint.  The remaining charges and allegations were dismissed with a *Harvey*[2] waiver.  Consistent with the terms of the negotiated disposition, the trial court suspended imposition of sentence, placed Bailey on probation for two years, and ordered that he serve 90 days in county jail.  Terms of probation required that he obey all laws.  He also was ordered to stay away from 1825 Galindo.

On January 24, 2014, a petition was filed to revoke probation, alleging that Bailey had failed to comply with the requirement that he obey all laws.  The petition incorporated by reference an attached Concord Police Department report of Bailey's arrest for burglary at 1825 Galindo on December 3, 2013.  The petition also referenced the charge for which Bailey had been arrested—"PC 459/460(b)."  A warrant was issued for his arrest.  At arraignment on the petition, Bailey denied the allegations and a hearing on the petition was set for February 28, 2014.

At the evidentiary hearing, the court heard testimony from Keith Gichohi, a security guard at 1825 Galindo.  Gichohi had observed Bailey and another individual inside the apartment complex office shortly after midnight on December 3, 2013.  Gichohi knew from prior contacts with Bailey that Bailey did not live at 1825 Galindo, and Gichohi had told Bailey to stay away from the premises.  Gichohi had someone call the police department.  Gichohi did not see Bailey take anything from the office or do anything he thought was criminal.  Police officers arrived about five minutes later, and Gichohi admitted them to the premises.  Bailey and his companion were arrested in the complex's lobby as they were "leaving in a quick pace."  Apartment manager Justin Wald inspected the premises the following day and did not find any property damaged or missing.  Wald testified that Bailey was not a resident of 1825 Galindo, had no lawful business there, and that the building is locked after 7:00 p.m.  Wald had previously

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

observed Bailey on surveillance video of the complex lobby, near a drop box from which rent checks had been stolen, on the night of Bailey's underlying offense.[3]

Bailey testified that on December 3, 2013, he went to the 1825 Galindo to retrieve clothes that he had previously stashed in the office. Bailey said he was homeless and had put his better clothes there because it was a safe place to change for job interviews. Bailey said that he had changed clothes at 1825 Galindo the night of his arrest, and that he was "not a thief." Bailey acknowledged his previous conviction for burglary at 1825 Galindo, and that he had been ordered to stay away from those premises.

Defense counsel argued that the people had failed to prove the elements of a burglary, specifically an intent to steal, and that the court was precluded from considering violation of the stay away order since it had not been specifically alleged in the petition. The court sustained the allegations of the petition, finding that the evidence supported an inference that Bailey had entered the premises with the intent to commit theft. The court also found that Bailey had violated the terms of his probation in violating the stay away order. The court reinstated probation and modified the terms, ordering Bailey to serve an additional 120 days in county jail.

## II.    DISCUSSION

Pursuant to section 1203.2, subdivision (a),[4] a court is authorized to revoke probation "if the interests of justice so require and the court, in its judgment, has reason

---

[3] Bailey's own testimony was that he was subsequently arrested with stolen checks from the apartment complex in his possession.

[4] Section 1203.2, subdivision (a) provides in relevant part: "At any time during the period of supervision of a person . . . , if any probation officer, parole officer, or peace officer has probable cause to believe that the supervised person is violating any term or condition of his or her supervision, the officer may, without warrant or other process and at any time until the final disposition of the case, rearrest the supervised person and bring him or her before the court or the court may, in its discretion, issue a warrant for his or her rearrest. Upon such rearrest, or upon the issuance of a warrant for rearrest the court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe . . . that the person has violated any of the conditions of his or her supervision, . . . or has subsequently

3

to believe . . . that the person has violated any of the conditions of his or her supervision . . . ." (See also *People v. Rodriguez* (1990) 51 Cal.3d 437, 440; *People v. Johnson* (1993) 20 Cal.App.4th 106, 110 [" '[w]hen the evidence shows that a defendant has not complied with the terms of probation, the order of probation may be revoked at any time during the probationary period' "].)

The standard of proof in probation revocation proceedings is proof by a preponderance of the evidence. (*Rodriguez, supra,* 51 Cal.3d at p. 447; *People v. Stanphill* (2009) 170 Cal.App.4th 61, 72.) A probation revocation decision is subject to the substantial evidence standard of review. "The standard is deferential: 'When a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination . . . .' [Citation.]" (*People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 681, italics & fn. omitted.) In evaluating the evidence, this court must construe the record in the light most favorable to upholding the lower court's decision, credibility of witnesses being solely within the purview of the trier of fact. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206; *People v. Kurey* (2001) 88 Cal.App.4th 840, 848–849 [all conflicting evidence is resolved in favor of the decision]; *People v. Stewart* (2000) 77 Cal.App.4th 785, 790 ["we do not reweigh the evidence; the credibility of witnesses and the weight to be accorded to the evidence are matters exclusively within the province of the trier of fact"].)

A.    *Evidence of Burglary*

Bailey maintains that the evidence is insufficient to support a finding that he entered the office at 1825 Galindo with the requisite intent for a burglary. "The crime of burglary consists of an act—unlawful entry—accompanied by the 'intent to commit grand or petit larceny or any felony.' (§ 459.) One may be liable for burglary upon entry

---

committed other offenses, regardless whether he or she has been prosecuted for such offenses."

4

with the requisite intent to commit a felony or a theft (whether felony or misdemeanor), regardless of whether the felony or theft committed is different from that contemplated at the time of entry, or whether any felony or theft actually is committed. [Citations.]" (*People v. Montoya* (1994) 7 Cal.4th 1027, 1041–1042, fn. omitted.)

In evaluating the evidence presented, the court noted that there were two explanations for Bailey's presence in the locked apartment complex at that hour of the night—Bailey's innocent explanation or, alternatively, that he had a more "nefarious" purpose. The court specifically rejected the innocent explanation offered by Bailey, finding it not credible, and found that a criminal intent was more likely in light of Bailey's prior conviction for burglary at the same premises and his violation of an order to stay away from that location. Bailey argues that no reasonable inference of wrongful intent may be drawn from the facts before the court and cites several cases finding inferences of intent to be based on insufficient evidence. The cases he cites, however, were criminal or delinquency proceedings requiring proof beyond a reasonable doubt. "Probation revocation proceedings are not a part of a criminal prosecution, and the trial court has broad discretion in determining whether the probationer has violated probation. [Citation]" (*People v. DeGuzman* (1995) 33 Cal.App.4th 414, 419.) Proof beyond a reasonable doubt is not required and "[m]any times circumstances not warranting a conviction may fully justify a court in revoking probation granted on a prior offense." (*People v. Vanella* (1968) 265 Cal.App.2d 463, 469.) The real test under section 1203.2 is whether the court has reason to believe " 'that the person so placed upon probation is violating any of the conditions of his probation . . . .' " (*Vanella*, at p. 470.) While the evidence of Bailey's intent could not be characterized as overwhelming by any means, the evidence accepted by the trial court is sufficient to sustain a determination that the Bailey violated the terms and conditions of his probation.

B.      *Violation of the Stay Away Order*

The court also found that Bailey was in violation of the terms of his probation by being on the premises at 1825 Galindo. Bailey acknowledged in his testimony that he was aware of the probation condition requiring that he not return to the apartment

complex.  Bailey contends, however, that revoking his probation in reliance on that admitted violation is inconsistent with state and federal due process requirements that a probation violation be based only on the violation with which he was charged.  (Citing *People v. Mosely* (1988) 198 Cal.App.3d 1167, 1173–1174; see also *Black v. Romano* (1985) 471 U.S. 606, 612 ["probationer is entitled to written notice of the claimed violations of his probation"].)

Bailey is, of course, correct in stating that a probationer is entitled to both state and federal due process rights in determining a violation of probation.  (*Black v. Romano, supra,* 471 U.S. at p. 612; *People v. Vickers* (1972) 8 Cal.3d 451, 457–458.)  Although due process requires that the People give a defendant notice of a claimed probation violation, the less formal nature of violation proceedings allows some measure of flexibility in affording due process safeguards.  A strict set of procedural rules is not mandated.  (*Vickers,* at p. 458; *People v. Felix* (1986) 178 Cal.App.3d 1168, 1172.)

Here, the written notice of violation adequately advised Bailey that it was his *conduct* "as set forth in the following attached police reports" which was alleged as the basis for the violation.   By contrast, the defendant in *People v. Mosely* was on probation for rape and charged with a new rape.  The only specific ground alleged for revocation of probation was the new offense, and the probation revocation matter was heard concurrently with the jury trial.  (198 Cal.App.3d at pp. 1169–1170.)  Following acquittal by the jury on the new charge, the court revoked Mosely's probation on the ground that trial testimony evidenced his consumption of alcohol in violation of a separate condition of probation.  (*Id.* at pp. 1170–1171.)  In addition to the revocation petition's failure to specify alcohol consumption as an alternative basis for revocation, the record was clear that neither Mosely's counsel nor the court was aware of an alcohol abstinence condition until the prosecution raised the issue while the jury was deliberating on the new rape charge.  (*Id*. at pp. 1172–1173.)  Finding that the evidence of alcohol consumption was sufficient to permit the trial court to summarily revoke probation, the Court of Appeal held that Mosely nevertheless had been deprived of his due process right to prepare and defend against the charge.  The matter was remanded for further revocation proceedings

6

based on a violation of the "no alcohol" condition.  (*Id.* at pp. 1174–1175.)  It seems self-evident that an allegation that Bailey entered 1825 Galindo with criminal intent necessarily includes an allegation that Bailey *entered* 1825 Galindo.  We find that Bailey had constitutionally adequate notice of the substance of the allegations against him, and that Bailey had a full opportunity to respond to, and to defend against, those allegations.

### III.    DISPOSITION

The judgment is affirmed.


_____
BRUINIERS, J.


WE CONCUR:


_____
SIMONS, Acting P. J.


_____
NEEDHAM, J.


7